FILED
2021 MAR 25 PM 2:16
CLERK
U.S. DISTRICT COURT

ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
TYLER MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 •

Case: 2:21−cr−00127
Assigned To : Barlow, David
Assign. Date : 3/25/2021
Description: USA v Schwarz

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br><br><br>JASON SCHWARZ,<br><br>              Defendant. | FELONY INFORMATION<br><br>15 U.S.C. §§ 77q(a) and 77x<br>(Fraud in the Offer and Sale of Securities)<br><br>(Count 1) |

The United States Attorney alleges:

## SUMMARY

At all times relevant to this Felony Information:

    1.    Defendant JASON SCHWARZ created an entity known as Alpine Capital, LLC ("Alpine Capital"). SCHWARZ touted Alpine Capital as an investment club, where members would collaborate and decide on investment strategies.

    2.    From approximately May 2015 to May 2019, SCHWARZ collected approximately $2,524,999 from 18 Alpine Capital investors. SCHWARZ used a large portion of the investors' money to repay certain investors, to invest in undisclosed and unauthorized real estate and other investments, and to pay personal expenses.

    3.    SCHWARZ sold securities and used interstate wires and the means of interstate

commerce to execute this fraudulent scheme.

## RELEVANT INDIVIDUALS AND ENTITIES

4. Defendant JASON SCHWARZ was a resident of Alpine, Utah.

5. SCHWARZ promoted himself as an economist and wrote a newsletter called "Economic Timing." SCHWARZ solicited investment in Alpine Capital largely from those who subscribed to his newsletter.

6. Alpine Capital was a Utah Limited Liability company that was purportedly operated as an investment club.

7. SCHWARZ opened an account for Alpine Capital with E*Trade. SCWHARZ controlled Alpine Capital and the E*Trade account, which held the funds invested into Alpine Capital.

## THE SCHEME AND ARTIFICE TO DEFRAUD

8. From on or about May 2015 to on or about May 2019, in the District of Utah and elsewhere, SCHWARZ used manipulative and deceptive devices to sell Alpine Capital securities. SCHWARZ also devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises. In execution of the scheme, SCHWARZ used the means of interstate commerce.

9. The object of the scheme and artifice to defraud was for SCHWARZ to fraudulently use money obtained from investors, divert the money to repay certain investors, to invest in undisclosed and unauthorized real estate and other investments, and for SCHWARZ's personal use and benefit.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

10. Beginning on or about May 2015, SCHWARZ began soliciting investors for

Alpine Capital.

11. SCHWARZ represented to investors that he would take the money invested in Alpine Capital and invest it in a portfolio of stocks and options.

12. SCHWARZ also represented to investors that the decisions about what investments Alpine Capital would make would be collaborative, with input from all the Alpine Capital investors.

13. From on or about May 2015 to on or about May 2019, SCHWARZ collected approximately $2,524,999 from a group of 18 investors. In exchange, investors were to receive pro-rata ownership shares in Alpine Capital. These shares were securities.

14. SCHWARZ caused the Alpine Capital investor money to be deposited into an E*Trade account. SCHWARZ exercised sole trading authority for Alpine Capital's E*Trade account and controlled how money was spent from that account.

15. At some point, after the investments were made, and contrary to his representations, SCHWARZ failed to use a significant portion of the investor funds to invest in stocks and options. Instead, SCHWARZ spent over $1 million of the money invested in Alpine Capital to repay certain investors, to invest in undisclosed and unauthorized real estate and other investments, and to pay personal expenses.

16. SCHWARZ repaid four investors covering both the investment losses and the misspent funds, and providing a return, in an amount totaling $600,239.61.

17. The representations and omissions described in all preceding paragraphs above were material, that is, they had a natural tendency to influence, or were capable of influencing, the decisions of the persons or entities to whom they were addressed.

## COUNT 1
## 15 U.S.C. §§ 77q(a) and 77x
## (Securities Fraud)

18. The United States re-alleges all prior paragraphs as if fully set forth herein.

19. On or about the dates listed below, in the District of Utah and elsewhere,

**JASON SCHWARZ**,

defendant herein, willfully, in the offer and sale of securities, that is shares of Alpine Capital, by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly: (1) Did employ a device, scheme, and artifice to defraud; (2) Did obtain money by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) Did engage in transactions, practices, and courses of business which operated as a fraud and deceit upon investors and knowingly, all in violation of 15 U.S.C. § 77q(a) and § 77x (securities fraud) and 18 U.S.C. § 2(a) and (b) (aiding and abetting and causing), and in furtherance thereof:

| Count | Date | Use of Interstate Wire |
|---|---|---|
| 1 | May 27, 2015 | Defendant caused Investor P.D. to wire $60,000 to the Alpine Capital E*Trade Account ending in 1715 |

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense for fraud in the sale of securities, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to:

- A money judgment equal to $1,924,759.39, which represents the amount of investor funds that SCHWARZ has not repaid, and is the value of any property not available for

forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

ANDREA T. MARTINEZ

Acting United States Attorney

*/s/ Tyler L. Murray*
Tyler L. Murray
Assistant United States Attorney